UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSEPH SZUCS,

    Plaintiff,

  v.

UNITED STATES POSTAL SERVICE, et al.,

    Defendants.

1:21-cv-11839-NLH-KMW

OPINION

**APPEARANCES**:

MARC A. WEINBERG
SAFFERN & WEINBERG
815 GREENWOOD AVE.
SUITE 22
JENKINTOWN, PA 19046

  *On behalf of Plaintiff Joseph Szucs.*

MARGARET ANN MAHONEY
OFFICE OF THE US ATTORNEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

  *On behalf of Defendant United States of America.*

**HILLMAN**, **District Judge**

    This matter concerns personal injury claims brought by Plaintiff Joseph Szucs against the United States Postal Service, the United States of America, Atlantic County, Atlantic City, and separate groups of currently unnamed individuals and companies.  Presently before the Court is the motion of Defendant the United States of America to dismiss Plaintiff's

claims. For the reasons expressed below, Defendant's motion will be granted, and Plaintiffs' claims asserted against it and the United States Postal Service will be dismissed with prejudice.

## BACKGROUND

Plaintiff alleges that on April 25, 2019, he "was walking on the sidewalk in front of the premises located at 1801 Atlantic Avenue in Atlantic City, New Jersey when he tripped on a section of the sidewalk that was raised, uneven, broken or otherwise in a dangerous and defective condition causing him to fall." (Compl. at ¶ 7). Due to this fall, Plaintiffs sustained "injuries to his face, shoulders, stomach and ribs together with other injuries to his bones, muscles, tendons, ligaments, nerves and nervous system," which he claims may continue to cause him mental pain, non-economic loss, and keep him from performing normal daily activities and hobbies. Id. at ¶¶ 8-11. Plaintiff alleges that the property was owned by "the United States Postal Service, the United States of America, Atlantic County and/or the City of Atlantic City." Id. at ¶ 8.

On May 13, 2019, Plaintiff's counsel sent a letter to the USPS outlining his claim against it. (ECF No. 3-3, Ex. A). The USPS responded to that letter with a letter of its own on June 26, 2019, which stated that the initial letter did not meet

the standards for pursuing a tort claim against the Government and enclosed a blank Standard Form 95 for Plaintiff to use in submitting a revised claim.  (ECF No. 3-4, Ex. B).  It does not appear that Plaintiff ever responded to that letter or submitted a revised claim.

Finally, Plaintiff filed a lawsuit against the USPS, the United States of America, Atlantic County, Atlantic City, and unknown individuals and companies on April 21, 2021, in New Jersey Superior Court.  (ECF No. 1-1).  That action was removed to this Court by the United States on May 27, 2021.  (ECF No. 1).  Then, a few weeks later on June 17, 2021, the United States moved to dismiss Plaintiff's claims against both it and the USPS.  (ECF No. 3).  Plaintiff has not opposed the motion, and the time for filing an opposition to the motion has since passed.

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiff filed this action against several defendants, including the United States Postal Service, which is a federal agency, and the United State of America.  The United States removed this action to this Court pursuant to 28 U.S.C. § 1442(a)(1).  This Court exercises subject matter jurisdiction pursuant to that statute.

## II. Standard for Motion to Dismiss Under Rule 12(b)(1)

A challenge to this Court's subject matter jurisdiction is determined pursuant to Fed. R. Civ. P. 12(b)(1). Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000). Rule 12(b)(1) motions are either facial or factual challenges. CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008). A facial attack concerns the sufficiency of the pleadings, whereas a factual attack is a dispute over the existence of certain jurisdictional facts alleged by the plaintiff. Id. (citing United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)).

In deciding a motion that attacks the complaint on its face, the court must accept the allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Gould Elecs., 220 F.3d at 176 ("In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."). But if the motion attacks the facts supporting jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. "[I]n a factual attack under Rule 12 (b)(1), the

court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." Gould Elecs., 220 F.3d at 178.  The plaintiff will have the burden of proof that jurisdiction does in fact exist. Mortensen, 549 F.2d at 891.

Here, the United States has asserted a direct factual attack, arguing that Plaintiff failed to meet the jurisdictional requirements for bringing tort claims against the United States prior to filing this lawsuit.  Accordingly, the Court may consider evidence presented by the United States that is outside the pleadings to determine whether it has jurisdiction to hear Plaintiff's claims against the federal government.

**III. Analysis**

Plaintiff's Complaint alleges five negligence claims: two against Atlantic County and Atlantic City, two against the USPS and the United States, one against a group of unknown individuals, and one against a group of unknown companies.  The United States has moved to dismiss the two claims pled against it and the USPS, Counts III and IV, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  While Plaintiff has not filed any opposition to this motion, "the Court must address unopposed motions to dismiss a complaint on the merits." Estate of Casella v. Hartford Life Ins. Co., No. 09-2306, 2009 WL 2488054, at *2 (D.N.J. Aug. 11, 2009) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)).

5

The Government first argues that the claim against the USPS must be dismissed as it is not a proper defendant in this action. As a sovereign, the United States is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)). Its consent to be sued must be "unequivocally expressed," and the terms of such consent define the court's subject matter jurisdiction. Id. (quotations omitted). The Federal Torts Claim Act ("FTCA") "operates as a limited waiver of the United States's sovereign immunity." White-Squire v. U.S. Postal Service, 592 F.3d 453, 456 (3d Cir. 2010) (citing Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003)). "Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed." Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir.1989).

"It is well established that both the protections of sovereign immunity and the waiver by the FTCA apply to the United States Postal Service." Arias v. Harrison Post Office, 2017 WL 2952088, at *2 (D.N.J. June 9, 2017) (citing Dolan v. U.S. Postal Serv., 546 U.S. 481, 483–85 (2006)). Sovereign immunity is a jurisdictional issue, and the specific terms of a waiver of immunity, like the FTCA, thus define the scope of the

6

subject matter jurisdiction that courts may exercise.  Id. (citing Dolan, 546 U.S. at 484).  For this reason, the Government is correct that the United States is the only proper federal defendant to the present action and that the Court has no jurisdiction to hear a negligence claim against the United States Postal Service.  See Martinez v. U.S. Postal Serv., No. 15-8545 (FLW), 2016 WL 6892074, at *3 (D.N.J. Nov. 22, 2016); Shahbazian v. U.S. Postal Serv., No. 13-2637 (KM), 2013 WL 4788160, at *2 (D.N.J. Sept. 6, 2013); Kieffer v. Vilk, 8 F. Supp. 2d 387, 391-95 (D.N.J. 1998).  Therefore, the Court finds it appropriate to dismiss the Postal Service as a defendant here, leaving the United States as the only federal defendant with a claim asserted against.  Martinez, 2016 WL 6892074, at *3 (citing Dilg v. United States Postal Service, 635 F. Supp. 406, 407 (D.N.J. 1985)).

The Court turns next to the Government's argument for dismissal of the claims against it.  As explained above, a tort claim asserted against the United States must be brought pursuant to the requirement of the FTCA.  To bring a claim against the United States under the FTCA, a plaintiff must first exhaust any available administrative remedies.  28 U.S.C. § 2675(a); Sebrell v. U.S. Postal Serv., 331 F. App'x. 105, 106 (3d Cir. 2009) (per curiam); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003).  "No claim can be brought under the

7

FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).  If a plaintiff has not exhausted potential administrative remedies, a court lacks subject matter jurisdiction to hear the claim.  White-Squire, 592 F.3d at 457-58.

Most importantly for this case, to properly present such a claim, a plaintiff must provide the agency with written notification of the incident involved "accompanied by a claim for money damages in a sum certain," known as the "sum requirement." 39 C.F.R. § 912.5(a); Bialowas v. United States, 443 F.2d 1047, 1049 (3d Cir.1971).  The purpose of the "sum requirement" is to "enable a determination by the head of the federal agency as to whether the claim falls within the jurisdictional limits of his exclusive authority to process, settle or to properly adjudicate the claim ... [and] to set up uniform procedures in the exercise of settlement authority." Bruno v. U.S. Postal Service, 264 F. App'x. 248, 248-49 (3d Cir. 2010) (quoting Bialowas, 443 F.2d at 1050).  Thus, a plaintiff must state a "specific sum" or "information ... from which a specific amount could be computed." Bialowas, 443 F.2d at 1049; see also Hawa Abdi Jama v. INS, 22 F. Supp. 2d 353, 367 (D.N.J. 1998).  A plaintiff's "failure to present [his] FTCA claim to

8

the appropriate agency with a sum certain, as required by § 2675(b), compels the conclusion that a district court lacks subject matter jurisdiction over the claim." White-Squire, 592 F.3d at 458; Bialowas, 443 F.2d at 1049.

Plaintiff here sent, through counsel, a letter to the USPS outlining his alleged claims against it on May 13, 2019; the Government has attached a copy of this letter as an exhibit to its motion. (ECF No. 3-3, Ex. A). As explained above, as the Government is waging a factual attack related to the Court's subject matter jurisdiction over the FTCA claims presented here, the Court may consider this extraneous evidence. And as Plaintiff has failed to oppose the present motion, the accuracy and authenticity of the letter is not in dispute here.

The briefest review of the letter, which is only two pages long, makes clear that Plaintiff's counsel gave no information whatsoever as to the damages sought and did not provide anything approaching a "sum certain" for the USPS to consider in processing his claim. The Government further submits evidence that the USPS followed up with Plaintiff's counsel in an attempt to gather the requisite information to process Plaintiff's claim: the USPS sent a responsive letter on June 26, 2019, which explained that Plaintiff's initial letter did not meet the standards for pursuing a tort claim against the Government, directly informed him that his claim must include a "'**sum**

9

**certain**' amount for injuries or losses," and even enclosed a blank Standard Form 95 for him to use in submitting a revised claim.  (ECF No. 3-4, Ex. B and ECF No. 3-5, Ex. C) (emphasis in original).  The Government states that it has never received a response to this letter nor an updated FTCA claim, and Plaintiff has not asserted in this action that he ever took such steps.  Accordingly, the Court finds that Plaintiff has failed to meet the statutory requirements for presenting an FTCA claim to the appropriate government agency prior to filing suit, and therefore the Court lacks subject matter jurisdiction over his claims against the United States and those claims must be dismissed under Rule 12(b)(1).

As the Government further points out, Plaintiff's failure to properly present his claim to the USPS to this date means his claims are now time-barred.  An FTCA claim "is barred unless it is presented to the appropriate federal agency within two years after such claim accrues.'"  Miller v. Phila. Geriatric Ctr., 463 F.3d 266, 270 (3d Cir. 2006) (quoting 28 U.S.C. § 2401(b)).  Since Plaintiff alleges that the underlying event here occurred on April 25, 2019, he therefore had until April 25, 2021, to properly present a claim to the USPS.  He failed to do so, and can no longer cure this error by submitting a proper claim now.

The Court acknowledges, as does the United States, that the doctrine of equitable tolling will sometimes allow for tolling

10

of statutes of limitations in unique cases.  There are three general "situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting ... her rights; or (3) where the plaintiff has timely asserted ... her rights mistakenly in the wrong forum." D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994)).  But Plaintiff here has made no attempt to put forward an argument for equitable tolling here, or to even oppose this motion, and his apparent failure to ever submit a proper FTCA claim to the USPS and the Government's demonstrated efforts to explain the sum certain requirement to him back in 2019 would likely undermine any such attempt.

Further, the Third Circuit has recently emphasized that "'[i]t is especially appropriate to be restrictive' in extending this remedy 'in cases involving the waiver of the sovereign immunity of the United States,' such as those arising under the FTCA."  Id. (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197-98 (3d Cir. 2009)).  The Court sees no basis to equitably toll the two-year limitations period here, and Plaintiffs claims against the Government will therefore be dismissed with prejudice.

With Counts III and IV against the USPS and United States being dismissed, the Court is left only with state law tort claims against state governments and unnamed individuals and companies. When all federal claims have been dismissed from an action, "the district court may, in its discretion, decline to extend supplemental jurisdiction over the remaining state law claims." Rothman v. City of Northfield, 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (citing Lentz v. Mason, 961 F. Supp 709, 717 (D.N.J. 1997)). Where the federal claims are dismissed at an early stage in litigation, courts generally decline to exercise supplemental jurisdiction over state law claims. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware Cty., Pa., 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

This case was removed to this Court by the United States because it was a defendant, and the case no longer involves any federal claims. No other basis has been presented to this Court for it to retain jurisdiction over this action. Accordingly, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). In cases where the claims were initially filed in state court and then properly removed here, like this present case, the Court has additional discretion to remand the remaining state law claims rather than simply dismissing them.

12

See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the Court will exercise its discretion and remand Plaintiff's remaining state law claims back to the New Jersey Superior Court.

## CONCLUSION

For the reasons expressed above, Defendant's motion to dismiss (ECF No. 3) will be granted, and Plaintiff's claims against the USPS and the United States (Counts III and IV) will be dismissed with prejudice. Plaintiff's remaining claims will be remanded to state court.

An appropriate Order will be entered.

Date: September 2, 2021                /s Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.